UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Ralph Ernest Arnn, | § | Case No. 21-50317-CAG |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |
| John Patrick Lowe, Trustee, | § | |
|     Movant | § | |
| | § | |
| v. | § | |
| | § | |
| Ralph Ernest Arnn, | § | |
|     Respondent | § | |

### Objections to the Debtor's Schedule C: Property Claimed as Exempt [Docket No. 1]

TO ALL PARTIES IN INTEREST:

**This pleading requests relief which may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

COMES NOW John Patrick Lowe, the Trustee in this case, and makes and files these Objections to the Debtor's Schedule C: Property Claimed as Exempt [Docket No. 1], and in support thereof would show unto the Court as follows:

1

**1.**

The moving party is the Trustee in this Chapter 7 case. The case was commenced on March 25, 2021 as a Chapter 7 case and since that date has remained pending under that Chapter. These objections are filed by right of 11 United States Code §§ 522 and 704 and Federal Rule of Bankruptcy Procedure 4003(b)(1). The meeting of creditors was concluded on May 5, 2021.

**2.**

The Trustee objects to the claims of exemption in three firearms and to two separate claims of exemption in stock in or assets owned by Grabco, Inc.

**3.**

### Firearms

The Debtor has claimed exemptions in 3 firearms, that is, a shotgun, a handgun and a rifle. He relies as support for the claim of exemption on §§42.001(a) and 42.002(a)(7) of the Texas Property Code.

But the first statute on which the Debtor relies, §42.001(a) of the Texas Property Code, merely allows for claims of exemption in eligible items of exempt property, up to a certain dollar value, other statutes defining what is eligible exempt property.

The second statute on which the Debtor relies, §42.002(a)(7) of the Texas Property Code, does provide that firearms are eligible exempt property, but only two firearms.

The Trustee moves that the Court sustain this objection, deny the claim of exemption in the three firearms and direct the Debtor to file an amended Schedule of exempt property - by a date certain - and make a claim of exemption in only two firearms.

## 4.

## Grabco, Inc. stock or assets

The Trustee also objects to the Debtor's two separate claims of exemption in either the stock in, or in assets of, Grabco, Inc.

The stock in Grabco, Inc. us either owned by the Debtor or by the Grabco, Inc. retirement account.

If the stock in Grabco, Inc. is owned by the Debtor, it's an asset of the estate but not eligible exempt property. The statute the Debtor refers to is §42.0021 of the Texas Property Code. That statute does not provide that stock is eligible exempt property.

If the stock in Grabco, Inc. is owned by the Grabco, Inc retirement account, then that stock is not an asset of the estate. Only assets which are assets of the estate might be claimed as exempt from the estate. 11 United States Code § 522(b)(1) ("... an individual debtor may exempt from property of the estate ...").

In either event, that is, regardless the owner of the stock, the stock is not eligible exempt property.

The assets of Grabco, Inc., including its bank accounts and retirement accounts, are assets of Grabco, Inc. and are not assets of the Debtor. Those assets are thus not assets of the estate and may not be claimed as exempt.

The fact that the Debtor rolled over his retirement account to a retirement account of Grabco, Inc. does not make the stock in or assets of Grabco, Inc. assets of the Debtor or part of the Debtor's retirement. The accounts rolled over from the Debtor's retirement account are no longer part of that retirement account. They became, after rollover, assets of the retirement account owned by a separate legal entity.

5.

The Trustee objects to all of these claims of exemption. He moves that the Court sustain these objections and deny and overrule the claims of exemption in those assets.

WHEREFORE, premises considered, Movant requests the Court to enter an Order as requested above, and for such other and further relief, at law or in equity, as to which he may be justly entitled.

DATED: May 4, 2021.

Respectfully submitted,

_____
John Patrick Lowe, Trustee
State Bar No. 12623700
2402 East Main Street
Uvalde, Texas 78801
(830) 407-5115
(830) 407-5117
Email: pat.lowe.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Objections to the Debtor's Schedule C: Property Claimed as Exempt [Docket No. 1], and the proposed Order, have been served on the attached Service List, by First Class mail, postage prepaid; by the CM/ECF system; or by electronic mail on this the ____ day of May 2021.

_____
Patrick Lowe